```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
MARSHA L. SKIBINSKI,

                    Plaintiff,           08-CV-0482-A

                                         **DECISION**
           v.                            **and ORDER**

MICHAEL J. ASTRUE,
Commissioner of Social Security

                    Defendant.
_____
```

## **INTRODUCTION**

Plaintiff Marsha L. Skibinski ("Plaintiff") brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42. U.S.C § 405(g) seeking review of a final decision of the Commissioner of Social Security ("Commissioner") Michael Astrue, denying her application for Disability Insurance benefits. Specifically, Plaintiff alleges that the decision of Administrative Law Judge ("ALJ") Paula F. Garrety denying her application for benefits was erroneous and not supported by the substantial evidence contained in the record or the applicable law.

The Commissioner moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) ("Rule 12(c)"), on the grounds that the Commissioner's decision was based on substantial evidence. Plaintiff opposes the Commissioner's motion, and cross-moves for judgment on the pleadings, or in the alternative to

remand the matter for a new hearing on grounds that the decision denying the Plaintiff benefits was against the weight of substantial evidence, was arbitrary and capricious, and was an error of law. The Court finds the decision of the Commissioner is supported by substantial evidence and is in accordance with applicable law, and therefore the Commissioner's motion for judgment on the pleadings is granted, and the plaintiff's cross-motion for summary judgment is denied.

## BACKGROUND

On June 26, 2004, Plaintiff filed an application for a period of disability and disability insurance benefits alleging inability to work beginning August 4, 2001 due to reflux sympathetic dystrophy, herniated discs in the neck and lower back, and post traumatic concussion syndrome. Plaintiff later alleged disability due to bilateral knee pain. Plaintiff's application was initially denied on November 8, 2004. Plaintiff then filed a timely request for a hearing on December 6, 2004.

Thereafter, Plaintiff appeared, with counsel, before ALJ Paula F. Garrety on January 25, 2006. At the hearing, Plaintiff amended her alleged onset date to August 7, 2002, consistent with the date of her motor vehicle accident. In a decision dated April 6, 2006 the ALJ determined the Plaintiff was not disabled. The decision became the final decision of the Commissioner when the Social Security Appeals Council denied Plaintiff's request for

review on May 2, 2008. On June 27, 2008, Plaintiff filed this action.

**DISCUSSION**

I. **Jurisdiction and Scope of Review**

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 217 (1938). Section 405(g) thus limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that a reviewing Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating Plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F. Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). The Commissioner asserts that his decision was reasonable and is supported by the evidence in the record, and

moves for judgment on the pleadings pursuant to Rule 12(c). Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief, judgment on the pleadings may be appropriate. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). However, a remand to the Commissioner for further development of the evidence is proper when "there are gaps in the administrative record or the ALJ has applied an improper legal standard." Rosa v. Callahan, 168 F.3d 72, 82-83 (2d. Cir. 1999) (quoting Pratts v. Chater, 94 F.3d 34, 39 (2d Cir. 1980)).

## II. **The Commissioner's decision to deny the Plaintiff benefits was supported by substantial evidence in the record**

The ALJ determined the plaintiff was not disabled under Sections 216(i) and 2234(d) of the Social Security Act, as the plaintiff had the residual functional capacity to perform a full range of sedentary work, and therefore was "not disabled" under Medical Vocational Rule 201.21. (Tr. 31). For the reasons set forth below, I find that although the ALJ erred in failing to explain why she did not fully credit an opinion of one of the plaintiff's treating physicians, this error was harmless, and the

substantial evidence in the record supports the ALJ's finding that plaintiff is not disabled. I therefore affirm the decision of the Commissioner.

Plaintiff contends the ALJ failed to consider the opinion of Dr. Daniel Wild, one of the plaintiff's treating physicians, and that this failure constitutes legal error and requires remand. (Pl. Br. at 6-9). Dr. Wild, an orthopedic surgeon, treated the plaintiff numerous times and offered opinions on her condition over a period ranging from March 21, 2003 through September 30, 2003. (Tr. 26, 330-348, 421). Plaintiff argues Dr. Wild's opinions indicate she cannot perform sedentary work. (PL. Br. at 6-9). Plaintiff interprets Dr. Wild's opinions that her [Plaintiff's] knee pain when seated and inability to sit for longer than a half hour because of knee pain are inconsistent with the ALJ's finding that she could perform sedentary work. (Pl. Br. at 7).

The opinion of a claimant's treating physician is generally given controlling weight "so long as it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." 20 C.F.R.§ 404.1527(d)(2). However, where a treating physician's opinions are inconsistent with the opinions of other medical experts, the court will not afford the treating physician's opinion controlling weight, for "[g]enuine conflicts

in the medical evidence are for the Commissioner to resolve," Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir.2002).

Here, Plaintiff states that there is no indication in the ALJ's decision that the ALJ was even aware of Dr. Wild's opinion. (Pl. Br. at 9). However, a review of the ALJ's decision reveals that the ALJ did in fact consider Dr. Wild's opinion. While not mentioning Dr. Wild by name, the ALJ's decision contains citations to Dr. Wild's reports. (R. 21-31). Specifically, the ALJ references exhibits 18F, 19F, 27F, and 35F of the record, all documents either prepared by or signed by Dr. Wild. (R. 203, 205, 250, 326). Thus Plaintiff's contention that the ALJ did not consider Dr. Wild's opinions is without merit.

Moreover, Dr. Wild's opinions, contained in the reports cited by the ALJ in her decision, are substantially consistent with the remaining medical evidence contained in the record. On February 1, 2003, Dr. Frank Luzi Jr., one of the plaintiff's treating physicians, evaluated the plaintiff for increasing knee pain and noted worsened knee pain with compression. (R. 27, 193-202). On August 29, 2003, Dr. S. David Miller, an examining physician, reported "persistent bilateral knee pain," aggravated knee pain when walking, and aggravated pain from sitting and standing. (R. 28). As Plaintiff notes, the opinions of Drs. Luzi and Miller are consistent with Dr. Wild's notation that Plaintiff had pain in both knees, and that "when she sits with her knee flexed, her knee

hurts her." (Pl. Br. 6) . The mere fact that the ALJ did not specifically state the weight afforded to Dr. Wild's opinion does not mean the opinion was not properly considered. Pease v. Astrue, 2008 WL 4371779 at *8(N.D.N.Y., decided September 17, 2008). *See also* Marine v. Barnhart, 2003 WL 22434094 at *3 (S.D.N.Y., decided October 24, 2003). (holding that the ALJ's failure to comment on the weight afforded to opinions was not improper as decision indicated that his findings were made "[a]fter consideration of the entire record.")

### III. **The ALJ's failure to explain the weight afforded to Dr. Wild's opinion was harmless error.**

Plaintiff contends that remand is proper because even if the ALJ considered Dr. Wild's opinions, her failure to explain why Dr. Wild's opinions were not credited violates 20 §404.1527(d)(2). Generally, the ALJ is required to set forth [her] reasons for the weight assigned to a treating physician's opinion. Burgess v. Astrue, 537 F.3d 117, 129 (2d Cir. 2008) (citing Halloran v. Barnhart, 362, F.3d 28, 33 (2d Cir. 2004))*see* 20 C.F.R. § 404.1527(d)(2). Accordingly, courts will not "[h]esitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physicians opinion." Halloran, 362 F.3d at 33; *see also,* Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir. 1998) (holding that the Commissioner's failure to provide "good reasons" for apparently affording no weight to the opinion of

plaintiff's treating physician constituted legal error); *and* Snell v. Apfel*,* 177 F.3d 128 (2d Cir. 1999) (remanding the case for a determination of why a treating physician's finding of disability was rejected). Defendant argues Dr. Wild's treatment notes do not constitute his "opinions," because they merely document the plaintiff's statements regarding her subjective complaints made to Dr. Wild. (Defendant's Reply Memorandum 1). This court's review of the record indicates Dr. Wild's opinion was based, in part, on the plaintiff's own subjective complaints. Consideration of a patient's report of complaints or history is a medically acceptable diagnostic technique. Burgess, 537 F.3d at 118, 118, *quoting* Green-Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003). Thus the ALJ should have explained the weight given to the opinion, even if based only on Plaintiff's complaints.

However, despite the ALJ's error, this court finds that the ALJ's error is harmless because Dr. Wild's reports were essentially consistent with the other medical evidence in the record. *See,* Pease, at \*8 (finding harmless error where the ALJ did not specifically state the weight afforded to a treating physician's opinion, but did cite the physician's records and conclusions throughout the decision); Walzer v. Chater, 1995 WL 791963 at \*9 (S.D.N.Y., decided September 26, 1995)(finding ALJ's failure to discuss a treating physician's report was harmless error where the report was substantially consistent with all other

evidence in the case). Like Pease, the record in the present case indicates citations to Dr. Wild's records and opinions. As mentioned, the ALJ's decision specifically references exhibits 18F, 19F, 27F, and 35F, all of which were prepared or signed by Dr. Wild. (R. 203, 205, 250, 326). Exhibit 27F, an MRI of Plaintiff's left knee, showed no meniscal or ligamentous tear and a very questionable small baker's cyst and very small joint effusion, while exhibits 18F, 19F and 35F, operative reports prepared by Dr. Wild, show Plaintiff underwent arthroscopic examination of her left and right knees with partial medial meniscectomy and debridement. (R. 27). Dr. Wild's reports indicate knee pressure and pain while sitting. However, Dr. Wild also noted he was "quite pleased with [her] degree of improvement," and that Plaintiff was "fairly comfortable with her knees, and very comfortable with her left and generally improved with her right." (R. 330). The ALJ's references to Dr. Wild's reports indicates the ALJ considered his reports and opinions in concluding Plaintiff was not disabled. Further, Dr. Wild's reports are substantially similar to the opinions of Dr. Frank Luzi Jr. and Dr. S. David Miller, opinions that the ALJ specifically discussed in her decision. (R. 27, 28). Therefore, the ALJ's failure to comment on the weight of Dr. Wild's opinion was harmless error, and does not provide a basis for remand to the Commissioner. Pease, at *9.

**IV. <u>The ALJ fully developed the record with respect to Plaintiff's subjective complaints and limitations.</u>**

In a social security benefit proceeding,"[t]he ALJ, unlike a judge in a trial, must [her]self affirmatively develop the record in light of 'the essentially non-adversarial nature of a benefits proceeding,' ... even when ... the claimant is represented by counsel." <u>Rosa v. Callahan</u>, 168 F.3d 72, 79 (2d Cir. 1999) (citing <u>Schaal v. Apfel</u>, 134 F.3d 496 (2d Cir. 1998). In doing so, the ALJ must explore the nature and extent of the claimant's subjective symptoms. <u>Selmo v. Barnhart</u>, 2002 WL 31445020, at 7-8 (S.D.N.Y., decided October 31, 2002). The ALJ must consider the testimony of witnesses and any documents that are material and relevant to the matter. <u>20 C.F.R.§ 702.338 (1999)</u>. To affirm a denial of disability benefits, the Court "must be satisfied that the claimant has had 'a full hearing under the Secretary's regulations and in accordance with the beneficent purposes of the Act." <u>Donato v. Sec of Health</u>, 721 F.2d 414, 418 (2d Cir.1983) (quoting <u>Gold v. Secretary of HEW</u>, 463 F.2d 38, 43 (2d Cir.1972))

Plaintiff claims the ALJ failed to fully develop the record by not asking the Plaintiff questions regarding her subjective complaints and limitations for the time period at issue, August 2002 through September 2003. (Pl. Br. at 11). I find the ALJ satisfied her responsibilities in this case. In her decision, the ALJ discussed the Plaintiff's testimony and stated that the

Plaintiff's symptoms did not demonstrate wholly work preclusive habits. (R. 29). Further, the ALJ considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence," and the "record in its totality" in rendering her decision. (R. 28, 30). Thus, the ALJ had before her sufficient information in the record to render a decision as to disability.

## **CONCLUSION**

For the reasons set forth above, I grant Commissioner's motion for judgement on the pleadings. Plaintiff's motion for judgement on the pleadings is denied, and Plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated: Rochester, New York
March 17, 2010